IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Childs, ) | C/A No.: 3:23-6938-MGL-SVH |
| ) | |
|           Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND |
| Resurgent Capital Services, L.P., ) | RECOMMENDATION |
| ) | |
|           Defendant. ) | |
| ) | |

    Plaintiff William Childs ("Plaintiff"), proceeding pro se, filed this civil action on December 28, 2023. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends the district judge deny Plaintiff's motion to proceed in forma pauperis [ECF No. 3].

I.    Background

    Plaintiff submitted a short form application to proceed in district court without prepaying fees or costs ("Form AO-240"). [ECF No. 3]. In the Form AO-240, Plaintiff states his take-home wages are $1,100 weekly. He lists no assets. *Id.* He indicates he has $3,960 in monthly expenses, including $450 for "loans." *Id.* Plaintiff lists one dependent. *Id.*[1]

---

[1] Plaintiff includes the initials "V.C." before his signature and writes "UCC 1-308" after his signature. Although Wikipedia may indicate "V.C." is an

II.   Discussion

Grants or denials of applications to proceed in forma pauperis are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). There is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed in forma pauperis.[2] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled a denial of an application to proceed in forma pauperis by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dep't of the Treasury*, 408

---

abbreviation for Vi Coactus meaning having been forced and is used to indicate the signer was under duress, courts have held such tactics have no legal effect. *Merrick v. Warden, Noble Correctional Instn.*, No. 3:21-CV-245, 2021 WL 7627514, at *2 (S.D. Ohio Dec. 30, 2021), *report and recommendation adopted*, No. 3:21-CV-245, 2022 WL 848303 (S.D. Ohio Mar. 22, 2022) ("In fact the initials 'V.C.' in front of Merrick's signature have no more legal significance that the invocation of portions of the Uniform Commercial Code in pleadings filed by adherents of the 'sovereign citizen' movement, i.e., none at all.").

[2] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a motion to proceed in forma pauperis is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999). The court did not specify the standard of review. *Id.*

F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits a report and recommendation to preserve Plaintiff's opportunity to obtain *de novo* review by a district judge on objections.

A litigant is not required to show he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of his "impecunity"?
>
> (2) Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute claim?

*Id.* at 943; *see also Murray v. Gossett*, C/A No. 3:13-2552-CMC-SVH, 2013 WL 5670907, at *2 (D.S.C. Oct. 17, 2013) (adopting and incorporating Report

and Recommendation).

Reviewing the information before the court, and considering the tests set forth in *Carter*, the undersigned recommends the court deny Plaintiff's motion. Given Plaintiff's net weekly wages of $1,100, it does not appear Plaintiff will have to choose between abandoning a potentially meritorious claim or foregoing the necessities of life to pay the $405 filing fee. *Adkins,* 335 U.S. at 339 (1948); see also, *Karahalios v. Horry County Council*, No. 4:17-cv-00393, 2017 WL 1223697 (D.S.C. 2017). It also does not appear that paying the fee would render Plaintiff destitute or impose an undue hardship or effectively block Plaintiff's access to the courts.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge deny Plaintiff's motion to proceed in forma pauperis [ECF No. 3].

IT IS SO RECOMMENDED.

January 12, 2024                                      Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).